UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JULIE M. COLOMBINO

_____/

Criminal No. P-0546883

Judge John M. Facciola

Trial Date: December 21, 2005

FILED
NOV 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE VIOLATION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion[1] to dismiss the violation. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion:

1.  On September 26, 2005, the defendant participated in a demonstration that culminated on the White House Sidewalk, an area subject to regulation by 36 C.F.R. § 7.96 and administered by the National Park Service. This area is located in the 1600 block of Pennsylvania Avenue, NW, Washington, DC, north of the White House complex property. The organizer of the demonstration applied for and was issued a permit by the National Park Service for demonstrations on the Ellipse and in Laffayette Park. Specifically, the organizers did not seek a permit for demonstrations on the White House Sidewalk.

On three occasions, shortly before 1:40 p.m. on September 26, 2005, United States Park Police officers gave audible warnings to the defendant (and others) that they were in violation of

---

[1] The government interprets the defendant's letter, dated October 8, 2005, to the court as a Motion to Dismiss.

the regulations applicable to the White House Sidewalk area. Federal Regulation 36 § 7.96(g)(2)(i) does not allow demonstrations by groups of more than 25 individuals without a valid permit in the White House Sidewalk area. At the time the U.S. Park Police gave the audible warnings, the defendant was with more than 25 demonstrators in the designated area. Using a megaphone, the U.S. Park Police officers, in each of the three warnings, instructed the defendant among others to leave the area or be subject to arrest. From approximately 1:40 p.m. forward, the defendant remained on the White House Sidewalk. As a result, the U.S. Park Police officers placed her under arrest for violating 36 C.F.R. § 7.96(g)(2), Demonstrating Without a Permit. The defendant was issued a Violation Notice and released after processing. The defendant was permitted by the Violation Notice to pay a $50 fine (plus $25 processing fee) in satisfaction of the offense or to plead not guilty and promise to appear in court.

2.  Now, the defendant moves to dismiss the violation. The defendant claims that she did not hear the warnings given by U.S. Park Police to vacate the premises and that she did not understand that she was prohibited from being in that specific location. Defendant's claims are without legal merit and should be denied.

3.  In the United States, it is generally held that "ignorance of the law is no excuse" for criminal conduct. *See, e.g.*, United States v. Barker, 546 F.2d 940, 946-47 (D.C. Cir. 1976). In Barker, the District of Columbia Circuit held:

> ........*A mistake of law, on the other hand, generally will not excuse the commission of the offense. A defendant's error as to his authority to engage in a particular activity, if based upon a mistaken view of legal requirements (or ignorance thereof) is a mistake of law.*

Id. at 946-47 (emphasis provided).

4.      Defendant's claim that the she was ignorant of the law does not provide a legal justification for her actions which were in violation of this federal regulation. In United States v. International Minerals & Chemical, the United States Supreme Court held "[t]he principle that ignorance of the law is no defense applies whether the law be a statute or a duly promulgated and published regulation." United States v. International Minerals & Chemical, 402 U.S. 558, 563 (1971).

5.      Moreover, the government alleges that infliction of criminal punishment pursuant to this regulation is not contingent upon establishing specific intent. The regulation does not require "specific intent" as an element to establish that a violation of the regulation has occurred. The regulation punishes the act of joining the group regardless of whether she knew or did not know about the existence of a valid permit or heard the audible warnings given by the officers.

Similarly, in United States v. Barton, an unpublished opinion, the U.S. District Court for the District of Columbia held that 400 American Peace Test (APT) demonstrators were in violation of 36 C.F.R.§ 7.96(g)(2)(i) when they moved their demonstration from Pennsylvania Avenue to the White House Sidewalk. The Barton court held that "[the] unlawful act was participating with a group of more than twenty-five people in a demonstration for which a valid permit no longer existed." United States v. Barton, 1988 WL 13174, *2 (D.D.C)(attached as Exhibit 1 hereto). Thus, the act of being present with the group of individuals who were demonstrating constitutes the behavior that subjects her to the criminal violation. Her actions in the designated area along with the non-existence of a valid permit allows the U.S. Park Police officers to lawfully arrest the defendant for violating the regulation. Her specific knowledge

regarding the warnings given by the officers or existence of a valid permit is irrelevant as to whether she is criminally liable for her actions.

Also, the Barton court held the APT demonstrators criminally liable for violating the regulation even though they claimed they were acting to prevent ongoing violations of international law. The court held that their mistaken belief that they were legally justified in their actions did not excuse them from criminal punishment. Similarly, the defendant's mistaken belief that she was acting lawfully by being with the group on a particular side of the street does not excuse her from criminal liability. United States v. Barton, 1988 WL 13174, *5 (D.D.C).

6.      Finally, the defendant moves to change her court appearance from December 21, 2005 to an earlier court date. In these cases, the government understands that the court has pre-set dates on which it hears these types of cases. There is only one pre-set date available for rescheduling of this case. That date is November 16, 2005. The government's essential witness is not available on that date.

WHEREFORE, the United States respectfully submits that defendant's motion to dismiss the violation be denied and that the original court date remain as scheduled on the calendar.

                                            Respectfully submitted,

                                            Kenneth L. Wainstein
                                            UNITED STATES ATTORNEY

                                            _____
                                            G. Michael Harvey
                                            ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served by U.S. mail upon the pro se defendant, Julie Colombino, , this 15th day of November, 2005.

_____
ASSISTANT UNITED STATES ATTORNEY